Let's let everyone get settled for just a second. Okay, Ms. Misko. All right. May it please the Court. Good morning, Your Honors. My name is Megan Misko. I represent Wilfred Jones on this appeal from a grant of summary judgment in a Jones Act and unseaworthiness claim in the district court. The basis at the heart of the appeal is that when the district court granted summary judgment, the court focused almost exclusively on what I think constituted direct evidence of what happened to Mr. Jones because he did not know, he did not investigate at the time what happened. He could not prove his case in general. I think that both the United States' arguments on appeal as well as the district court's ruling ignores the fact that he could have at trial proved his case by circumstantial evidence in addition to direct evidence. Much of what the district court required of Mr. Jones in its decision was, well, you didn't go and actually see what happened, but then ignored the fact that he testified, you know, in the record. He knew that this condition existed with the grease on the decks. He had reported this condition as existing. It was not fixed before his slip and fall. It was not fixed after his slip and fall. And he knows that he slipped on what was typically a non-skid surface. I think that what's still requiring him to say, well, I saw this spot right after I fell, ignores his ability to present all of the direct evidence that he had and allow the fact finder to infer that an unsafe condition existed. Even in the district court's ruling, in the order and reasons, Judge Vance wrote, there must be some evidence from which a jury can infer that an unsafe condition existed and that the owner knew about it. If direct evidence is required to show that there was an unsafe condition that existed, the Perry v. Morgan case didn't say that. It's infer. And I think the word infer indicates that the jury or the fact finder can consider direct and circumstantial evidence to reach a conclusion that an unsafe condition existed. Certainly, under the causation standards, circumstantial evidence is allowed to prove causation. That's from the Rogers v. Missouri Pacific case. And that was, again, in the district court's ruling. Direct evidence of a fact of causation is not required. Circumstantial evidence is. And that can suffice to do and prove that an unsafe condition caused an injury. The focus on personal knowledge as direct evidence, there's a lot of focus in the United States brief on the Site 2 Rule 602, personal knowledge, without really focusing also, and I think the district court erred in focusing that this wasn't a guess. This wasn't a, I don't know, I woke up one morning and I think this is what happened and this is why I slipped. This is, I thought about it more, and this happens frequently in injured workers, especially with injured semen, that something happens, they do not think that this is a serious injury, they think more about it, and then come to a conclusion later that this is what happened, and then we get involved. I think that at the very least, what Mr. Jones testified and his deposition and what is in the record fits within a lay opinion, which is, you know, that's something that he can testify to. It's based on his own perception, on his own knowledge of the many facts at issue, and that he can come and say, this is what I think happened, and then it's up to the judge to decide. In this case, it would be a bench trial before Judge Vance, given the United States being defendant, but it's up to the judge to look at everything at that point. I just think the requiring direct evidence of exactly what happened on the summary judgment level puts a much higher burden on an injured worker than should be required just to succeed on the summary judgment. It can lead to additional problems, and it kind of leaves a slippery slope of when is it required that a plaintiff know exactly what caused his injury? What if there's a case where someone is hit in the head, and they know they're hit in the head with something, they don't know why the thing fell, they think they know why the thing fell, and that's when litigation starts. If you know the cause, there's usually not a need for the trial, because you know what happened, and you know what's at fault, who's at fault, and what's at stake. It's the fact that most of the evidence that was presented is personal knowledge. It's this, that he knows what the condition was, he knows that the grease tracks on his shoes, that evidence is in the record. He knows that this condition was not repaired either before or after his injury, and he knows that he slipped on that surface for some reason that was abnormal. I think that gives enough circumstantial evidence to at least defeat the motion for summary judgment and allow for a full trial on the merits with everybody to testify. And then at that point, the district court can make a decision on whether or not Mr. Jones' perception of what occurred and the conditions that existed before the occurrence are enough for him to prove his case. But I think that the summary judgment standard, especially when it comes to a Jones Act case, is a very liberal standard. It should not have been thrown out on this level. All right. Thank you. You've saved time for rebuttal, Ms. Misko. Mr. Kearns? Good morning. Michael Kearns on behalf of the United States. May it please the Court, this case is about causation, obviously, and whether a plaintiff can establish causation based on nothing more than speculation. And that's our position in this case, that Mr. Jones, the only evidence he's been able to provide as to the cause of his accident is based on his speculation. What else could possibly have caused it? Something caused it. He could have unknowingly tripped over the nine-inch combing as he's stepping into the room. Maybe medication that he was on caused him to be dizzy. There are several things that could have caused it. But his going back in retrospect, as he says several times in his deposition, thinking back, going back, and then concluding later on that it had to be grease that caused him to slip, simply doesn't meet the standard of personal knowledge that's required under Rule 602. As we know, Jones' act and unseaworthiness are two distinct causes of action. They have slightly different standards, but both of them require that a plaintiff establish causation in the case. He hasn't done that here. He was alone when the accident occurred, so his testimony is the only evidence we have about what happened. And he can tell us what happened. The problem is he can't tell us why it happened. That's the problem he has. He reported the accident the day after he wrote in his statement that he lost his balance and fell into some CO2 bottles. He didn't say anything about slipping. He certainly didn't say anything about grease at that point. He testified at deposition that he saw no grease in the area when he lost his balance. That's on the record at page 140 and 146. He said if he had seen grease, he would have cleaned it up, and he didn't do that. That's also at page 146 of the record.  He could provide absolutely no specific information about when or where he might have stepped in grease that day. So the only thing he could do, again, is speculate about what had happened, and he did that a couple of times. In his deposition, he testified that looking back, thinking back, none of this really came back to me, I'm quoting him here from his deposition, until sometime after. We went back, we looked, because I was trying to figure out how did I hit my arm on these bottles. And the only thing it could be attributed to is grease. I stepped in some grease, picked up some grease somewhere, in my opinion. That's on the record at page 140 and 141. The bottles were inside after crossing the threshold? They were. They were. He was stepping from a covered portion of, it's a weather deck, but it was covered, and he was stepping into the emergency diesel generator room, stepping over the nine-inch combing, stepped in, and apparently banged his elbow on those CO2 bottles, Your Honor. But one other thing I wanted to mention about his testimony, and I'll quote again, this is from page 144 of the record. So in retrospect, looking back, going through my mind, trying to ascertain what precipitated this, and walking around the vessel, I realized that there's grease everywhere, you know, and that's what caused this, caused me to slip. So these passages are important because they demonstrate that while he now blames the presence of grease for the accident, and at the time of the accident, he didn't see any grease, he didn't smell grease, he didn't touch grease. He in no way perceived the presence of grease. It was, again, only in retrospect, as he says, that he decided he must have, that grease must have been the culprit. And of course, under Rule 602, a witness can only testify about matters over which he has personal knowledge. From his testimony, it's clear that that requisite knowledge is lacking. He knows he lost his balance again, but he can't tell us why he lost his balance. And of course, Judge Vance seized on that, and she found that his testimony in that regard was pure speculation. And of course, you know, this Court and the Supreme Court have consistently found that under Rule 56, Rule 56 doesn't just give a court discretion to grant summary judgment in a case like this, but Rule 56 mandates the grant of summary judgment against a plaintiff who fails to establish an element of his case. And that's what we have here. I think the other important point to make, Judge Vance also pointed out that she has a little bit more discretion in a situation like this, where she will, if this case were to proceed to trial, she would be sitting as both trier of fact and trier of the law. She cited the Johnson v. Diversicare case for the point that when the district court is deciding a summary judgment motion prior to a bench trial, it has discretion to decide that the same evidence presented at trial could not possibly lead to a different result. So I think the point she was making was that even if this were to go to trial, the outcome would have remained the same. All right. Thank you, Mr. Carlins. Thank you. Ms. Misko, you've saved time for rebuttal. Thank you. I just wanted to briefly touch on a couple of the points that the United States just made. And first is, again, the point several passages from Mr. Jones' testimony recited to. And there was one specifically where I, looking back, that's what caused this. That's what caused me to slip. That, I agree, is an important passage from his deposition that's in the record. To me, it's clear that that's not a guess. That is him saying, I have thought about what caused this, and this is what happened to me. The United States has cited to Rule 602 the personal knowledge requirement under the rule of evidence. I think that the comments to 602 are helpful if you look at those, because under the comments, it says that foundational requirements of personal knowledge can be furnished by the testimony of the witness himself. Hence, personal knowledge is not an absolute, per the comments. It may consist of what the witness thinks he knows from personal perception. He has perceived this condition on the decks. He has perceived this condition existing for some time before his incident. And he then understands that that was the cause later on. Because he did not identify it as the cause at that point in time, I don't think is fatal to his claim. At the worst, it is a lay opinion on what has happened to him, again, based on his understanding of the conditions of the decks on the vessel. And I think that should have defeated summary judgment so that we could have had a full trial on all of the evidence before the district court and then allowed her to make a decision on both the direct and circumstantial evidence presented to the court. All right. Thank you, Ms. Musgrove. Your case is under submission. The court will recess briefly before hearing the final two cases.